UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES R. DIETERLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:11-CV-055 JD |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

James R. Dieterle, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his convictions and 50 year sentence for arson, burglary, and public intoxication by the Boone Superior Court under cause number 06D01-9810-CF-92. Dieterle presents three grounds alleging ineffective assistance of trial and appellate counsel. The respondent argues that all three are procedurally defaulted because Dieterle did not perfect a timely appeal to the Indiana Supreme Court as a part of his post-conviction relief proceedings. A claim is procedurally defaulted when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, Dieterle did not seek transfer to the Indiana Supreme Court on direct appeal and the time for doing so has long since passed. ECF 6-2 at 2 and Ind. R. App. P. 57(C). On post-conviction, his appeal was dismissed for adequate and independent state procedural reasons by both the Court of Appeals of Indiana and by the Indiana Supreme Court. The Indiana Court of Appeals dismissed his appeal because he did not comply with the State rules regarding the preparation of the trial

transcript. ECF 6-7 at 2. The Indiana Supreme Court dismissed his petition to transfer because it was untimely.

> It has been clear for some time that a state is entitled to insist that its rules for timely filing of petitions be respected." *Artuz* [*v. Bennett*, 531 U.S. 4, 8 (2000)] explained that
>> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the **time limits** upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002) (citation omitted, emphasis in original). Thus, Dieterle's claims are procedurally defaulted.[1]

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Here, Dieterle has not presented either argument in

---

[1] Moreover, because Dieterle did not have a properly pending state court proceeding after the Court of Appeals of Indiana dismissed his post-conviction appeal, this petition is also untimely. Pursuant to 28 U.S.C. § 2254(d)(1)(A), his conviction became final when the time for filing a petition to transfer in his direct appeal expired on May 30, 2000. *See* Ind. R. App. P. 57.C and 25.B. When he filed his post-conviction relief petition on January 23, 2001, that tolled the 1-year period of limitations. 28 U.S.C. § 2254(d)(2). But, by that time, 237 days had expired and only 128 days remained. When Dieterle's post-conviction appeal was dismissed on January 19, 2011, he no longer had a properly pending action in the State court. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Thus, the 1-year period of limitations began running again on January 20, 2011. Consequently, the last day to file a timely habeas corpus petition was May 27, 2011. This petition was not even signed until October 3, 2011.
 Nevertheless, because the respondent did not argue that the petition is untimely and because the court has not accorded the parties fair notice of this issue as required by *Day v. McDonough*, 547 U.S. 198, 210 (2006), it is merely mentioned in this footnote as an alternative ground on which the court could have ruled. However, if this issue had been properly raised, only equitable tolling could excuse his untimely filing. *Holland v. Florida*, 560 US ___, 130 S. Ct. 2549 (2010). But it does not appear that equitable tolling would apply in this case because the Seventh Circuit has held that a prisoner's lack of knowledge of the law is not the type of extraordinary circumstances that would warrant equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (prisoner's limited legal resources and lack of knowledge of the law did not constitute extraordinary circumstances warranting equitable tolling); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (lack of knowledge of the law was not ground for equitable tolling).

opposition to the respondent's assertion that his claims are procedurally defaulted. Indeed, he did not file any reply at all to the respondent's brief and memorandum which were filed on February 23, 2012. The respondent notified Dieterle "of his right to traverse Respondent's motion and supporting memorandum." ECF 6 at 2. Dieterle was also "notified that his failure to file a timely response may subject this case to summary ruling by the Court. In other words, the Court may decide this case without Petitioner's response." *Id.* The court has waited nearly eight months and has heard nothing from Dieterle. It must therefore conclude that he is not going to file a response.

Nevertheless, the court has examined the petition to determine whether there could be any chance that Dieterle might be able to make a plausible argument for either cause and prejudice or for a fundamental miscarriage of justice. Having done so, the court finds neither. The petition presents no explanation for why Dieterle did not follow the State appellate procedural rules. Therefore the petition presents no basis for finding cause for his procedural default. In addition, none of the three ineffective assistance of counsel arguments present any basis for finding that he might be actually innocent. A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Here, Dieterle confessed to the arson and he presents no argument that his confession was coerced or untruthful. Though he argues that his confession should not be considered because there is insufficient independent evidence of arson,[2] that is not an argument that the confession itself was false.

---

[2] Despite his argument to the contrary, the petition points out that there was other evidence of arson, including a burned building and a fire investigator's report which found that the physical evidence was consistent with someone having piled up papers in the basement and lighting them on fire.

3

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Dieterle a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* As previously explained, these claims were procedurally defaulted in state court and Dieterle has not presented any argument that could excuse that default. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court **DENIES** the habeas corpus petition and **DECLINES** to issue a certificate of appealability.

SO ORDERED.

ENTERED: October 18, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court